OPINION OF THE COURT
Lee L. Holzman, J.
The executor of this estate seeks an order sealing the following documents that have been filed with the court: the United States estate tax return, form 706; the New York State estate tax return, form ET-90; and the inventory of assets that has *183 been filed pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 207.20. Petitioner relies upon Internal Revenue Code (26 USC) § 6103 (a) and Tax Law § 994 (a) of this State in support of his contention that the information contained in these documents is confidential and not subject to disclosure to the general public. Petitioner concedes that these documents may be inspected by persons who would be parties to a proceeding to judicially settle his account or can establish to the satisfaction of the court that it would be appropriate for them to have access to this information.
Initially, it is noted that the form ET-90 that is required to be filed in the Surrogate’s Court is not available to the general public and is only made available to those persons entitled thereto under Tax Law § 994, including those searching title to "real property or chattel real”. (Tax Law § 994 [a] [3].) Uniform Rules § 207.20 (c) requires the fiduciary to file with the court a list of assets "constituting the gross taxable estate”. This requirement may be fulfilled by submitting a separate list of the assets or by filing the State or Federal estate tax return. Here, petitioner was not required to file the 706 form in the court but voluntarily opted to do so in lieu of filing the separate list under the Uniform Rules.
There are competing policy considerations to weigh with regard to this application. Uniform Rules § 207.20 was promulgated so that reasonable inquiries of interested parties, whether made by personal inspection of court records or by written request, could easily be answered without either a formal application or an additional inquiry by the court. Thus, the reasons for the enactment of Uniform Rules § 207.20 as well as the rule that no court records shall be sealed "except upon a written finding of good cause, which shall specify the grounds thereof” (Uniform Rules for Trial Cts [22 NYCRR] § 216.1) militates in favor of denying the application. Furthermore, petitioner apparently recognizes that, in the event that a proceeding to judicially settle his account is ever filed, essentially all of the information that is required by Uniform Rules § 207.20 shall be set forth in his account and available for the public to view. There is also an issue as to whether the court should be burdened with applications to seal and unseal files. On the other side of the ledger is that the spirit of the statutory provisions upon which petitioner relies mandates confidentiality as well as the fact that Uniform Rules § 207.20 was not enacted to satisfy those who are merely curious about the wealth of another.
*184 The issues raised by this application shall be referred to the Surrogate’s Court Advisory Committee with a view towards the establishment of a State-wide policy. For the present, this court has entered a "blanket order” authorizing the sealing of the list or tax return filed pursuant to Uniform Rules § 207.20 upon a verified, written request by the fiduciary of the estate and authorizing the unsealing thereof, without notice to the fiduciary, upon the further order of the court or, without court order, upon the filing with the chief clerk of the court a written request by any person who either appears to have a right to the information under Tax Law § 994 or would be a proper party to institute a compulsory accounting proceeding under SCPA 2205. The written request to seal the document shall remain in the unsealed court file with a stamped legend stating that the fiduciary has complied with Uniform Rules § 207.20 and that the information contained in the sealed document is available to any person entitled thereto under Tax Law § 994 or SCPA 2205.
The application is granted to the extent indicated above.